■ WILLIAM GROSS, Appellant, v WILLIAM VOGEL et al., Respondents. — In an action, *inter alia,* for specific performance of an alleged oral contract, plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Baisley, J.), entered August 5, 1982, which, after a trial, dismissed the complaint in its entirety. Judgment modified by deleting therefrom the words "that each and every cause of action asserted in the complaint be dismissed on the merits, and it is further ordered and adjudged, that defendants do recover of plaintiff the costs and disbursements incurred in this action, taxed as $1,243.50 and that defendants have execution therefor", and substituting therefor the following "that plaintiff be granted a trial on the issue of whether the employment contract was breached by defendants, but that all other causes of action asserted on the complaint be dismissed on the merits." As so modified, judgment affirmed, without costs or disbursements. Although plaintiff failed to prove the existence of an oral agreement to divide corporate stock, plaintiff did prove the existence of an oral employment agreement which provided that he was to receive a commission of a one-third share of the profits of defendant WGV Contracting Corp. resulting from business brought in by him. However, plaintiff was effectively prevented during this bifurcated trial from introducing evidence as to the existence of corporate profits on business brought in by him, a necessary element to sustain his cause of action for breach of the employment agreement. The damage and breach of contract elements of plaintiff's cause of action are so intertwined that they must be tried together (*Culley v City of New York,* 25 AD2d 519). We therefore grant plaintiff a new trial on the issue of whether defendants breached the employment agreement by failing to pay plaintiff his one-third share of corporate profits resulting from business brought in by him. Gibbons, J. P., Bracken, Brown and Niehoff, JJ., concur.